UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Berstler, <br><br> Plaintiff, <br> v. <br><br> Navient Solutions, Inc.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br><br><br> COMPLAINT |

For this Complaint, the Plaintiff, Robert Berstler, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Robert Berstler ("Plaintiff"), is an adult individual residing in Sellersville, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Navient Solutions, Inc. ("Navient"), is an Arizona business entity with an address of 12061 Bluemont Way, Reston, Virginia 20190, and is a "person" as defined by 47 U.S.C. § 153(39).

Case 2:16-cv-01738-MAK   Document 1   Filed 04/11/16   Page 2 of 4

5.   Does 1-10 (the "Agents") are individual agents employed by Navient and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.   Navient at all times acted by and through one or more of the Agents.

## FACTS

7.   Within the last four years, Navient started calling Plaintiff's cellular telephone, number 215-xxx-3265, in an attempt to reach a person other than Plaintiff.

8.   At all times mentioned herein, Navient contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9.   When Plaintiff answered Navient's calls, he heard a prerecorded message requesting a call back.

10.   On several separate occasions, Plaintiff spoke with Navient in an effort to get the calls to stop. Plaintiff informed Navient that he was being reached in error and directed Navient to remove his numbers from the account, and cease all communications with him.

11.   Nonetheless, Navient continued to place automated calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

12.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.   At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

2

14. Plaintiff never provided his cellular telephone number to Defendants and never provided his consent to be contacted on his cellular telephone.

15. Without prior express consent, Defendants contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Defendants continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 7, 2016

Respectfully submitted,

By /s/ JBB8445

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW, L.L.C.
43 Danbury Road,
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff